The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 3, 2020

## 2020COA133

**No. 19CA1075, *Bilderback v. McNabb* — Government —
Colorado Governmental Immunity Act — Immunity and Partial
Waiver; Vehicles and Traffic — Traffic Regulation — Emergency
Vehicle Exception**

Plaintiff's motorcycle collided with a patrol car after the officer

drove through a red light while responding to an emergency call.

Plaintiff sued the officer and the City and County of Denver, and

defendants moved to dismiss the case under C.R.C.P. 12(b)(1),

arguing the claims were barred by the doctrine of sovereign

immunity.  The district court denied defendants' motion, ruling that

the officer's conduct did not satisfy the emergency vehicle exception

to the Colorado Governmental Immunity Act's waiver of sovereign

immunity for injuries resulting from a public employee's operation

of a motor vehicle, *see* § 24-10-106(1)(a), C.R.S. 2019.

The emergency vehicle exception is subject to certain conditions, including, among others, the one set forth in section 42-4-108(2)(b), C.R.S. 2019. That section states that the driver of an emergency vehicle may "[p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation." *Id.*

A division of the court of appeals holds that the mere fact that the emergency vehicle driver has stopped at a red light before entering the intersection does not, without more, satisfy the condition set forth in section 42-4-108(2)(b); rather, to give effect to the phrase "but only . . . as may be necessary for safe operation," a court must determine whether, depending on the specific factual circumstances, the driver was proceeding safely after entering the intersection, and while driving through it. The division remands the case to the district court to resolve factual disputes bearing on this issue.

COLORADO COURT OF APPEALS                                    2020COA133

Court of Appeals No. 19CA1075
City and County of Denver District Court No. 19CV30662
Honorable Eric M. Johnson, Judge

Robert Bilderback,

Plaintiff-Appellee,

v.

Kyle McNabb and City and County of Denver, Colorado,

Defendants-Appellants.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE VOGT*
Johnson and Taubman*, JJ., concur

Announced September 3, 2020

Metier Law Firm, LLC, Emily N. Benight, Fort Collins, Colorado, for Plaintiff-Appellee

Kristin M. Bronson, City Attorney, Jennifer Johnson, Assistant City Attorney, Denver, Colorado, for Defendants-Appellants

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1 Plaintiff, Robert Bilderback, sued defendants, Denver Police Officer Kyle McNabb and the City and County of Denver, for damages after the motorcycle he was driving collided with a patrol car driven by McNabb. Defendants moved for dismissal under C.R.C.P. 12(b)(1), arguing that plaintiff's claims were barred by the doctrine of sovereign immunity, in accordance with the Colorado Governmental Immunity Act (CGIA), §§ 24-10-106 to -120, C.R.S. 2019. The district court denied the motion in a detailed written order without holding a hearing. Defendants appeal. We vacate the order and remand for further proceedings in accordance with *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 927 (Colo. 1993).

## I. Background

¶ 2 The complaint, the motion to dismiss, and related materials provided to the district court set forth the following facts. In March 2019, Officer McNabb was on duty, stopped in his squad car at a red light at the intersection of Federal Boulevard and Evans Avenue in Denver, when he received an emergency call. According to his affidavit, McNabb, who was the first in line at the red light on northbound Federal, observed that the traffic turning left from

westbound Evans onto southbound Federal had cleared the intersection. He then activated his emergency lights, checked the intersection again, observed that all traffic had stopped, made eye contact with several drivers who had a green light on Evans to ensure they saw his emergency lights, and then slowly pulled into the intersection. Part way through the intersection, McNabb increased his speed to about fifteen miles per hour. At this point, plaintiff, driving his motorcycle westbound on Evans through the green light, collided with the patrol car.

¶ 3 In support of his response to the motion to dismiss, plaintiff appended his own affidavit and a witness statement of the driver behind his motorcycle, both stating that their views of northbound traffic on Federal were obstructed by a large box truck in the left turn lane of westbound Evans. Defendants made no reference to the box truck in their reply. In their view, the undisputed facts that McNabb (1) was responding to an emergency call, (2) was at a complete stop before entering the intersection, and (3) had activated his overhead lights before entering the intersection established the statutory requirements for the emergency vehicle exception to the waiver of immunity for the operation of a motor vehicle found in

section 24-10-106(1)(a). Given their view of the law, defendants did not believe a *Trinity* hearing was necessary; but they asked that the court hold such a hearing if it found that there were disputed factual issues bearing on jurisdiction.

¶ 4 The district court did not agree with defendants' argument that the relevant statutory requirements were met because McNabb stopped prior to proceeding into the intersection; rather, the court stated, "[t]he crux of the dispute is *how* Officer McNabb proceeded against the red light and whether the manner in which he did so took his actions outside of the emergency vehicle exception to the waiver [of] sovereign immunity provided by the CGIA." After noting that no evidentiary hearing was required where the court accepted all the facts pleaded by the plaintiff as true, the court also accepted as true that there was a large box truck blocking a portion of westbound Evans from McNabb's view. Thus, the court concluded, proceeding through the intersection without being cognizant of and accounting for the blind spot created by the truck did not constitute "safe operation" and accordingly did not bring the case within the emergency vehicle exception to the CGIA waiver of sovereign immunity.

¶ 5     On appeal, defendants argue that the district court misconstrued the controlling statute by ignoring the fact that McNabb had stopped before entering the intersection and, instead, reading into the statute a requirement that an officer also drive slowly after entering an intersection and while passing through it. In the alternative, defendants contend, the district court erred in forgoing a *Trinity* hearing to resolve a "disputed and undeveloped fact" — namely, whether McNabb's view of plaintiff was obstructed by a truck.  We disagree with the first argument but agree with the second.

## II.     Applicable Law and Standard of Review

¶ 6     Questions of sovereign immunity — including whether it has been waived — implicate a district court's subject matter jurisdiction under C.R.C.P. 12(b)(1).  *St. Vrain Valley Sch. Dist. RE-1J v. A.R.L. ex rel. Loveland*, 2014 CO 33, ¶ 9.

¶ 7     Under the CGIA, sovereign immunity generally bars any action against a public entity for injuries that lie in tort or could lie in tort. *Smokebrush Found. v. City of Colorado Springs*, 2018 CO 10, ¶ 20; *see also* § 24-10-108, C.R.S. 2019.  However, the CGIA also "withdraws and restores this immunity through a series of

4

immunity waivers, exceptions to those waivers, and, in some cases, conditions relating to the exceptions." *Corsentino v. Cordova*, 4 P.3d 1082, 1086 (Colo. 2000). Because the CGIA's grant of sovereign immunity is in derogation of Colorado common law, we narrowly construe any provision granting sovereign immunity. *Daniel v. City of Colorado Springs*, 2014 CO 34, ¶ 13. As a corollary to that principle, we broadly construe any CGIA provision waiving sovereign immunity. *Id.*

¶ 8 Because "the [C]GIA requires the trial court to definitively resolve all issues of immunity before trial, regardless of whether the issues have been classified as jurisdictional," district courts are to "employ the procedures used in [*Trinity*] and its progeny to . . . determine the facts necessary to resolve all disputed issues of immunity, including those deemed non-jurisdictional." *Finnie v. Jefferson Cty. Sch. Dist. R-1*, 79 P.3d 1253, 1258 (Colo. 2003). The *Finnie* court went on to "clarify that the *Trinity* procedure . . . includes discovery, ruling without hearings, and affording parties the opportunity to request *Trinity* hearings." *Id.* at 1260.

¶ 9 When there is no evidentiary dispute, the court may rule on the C.R.C.P. 12(b)(1) motion and decide the sovereign immunity

question without a hearing, based on the pleadings alone. *Id.*;

*Tidwell ex rel. Tidwell v. City & Cty. of Denver*, 83 P.3d 75, 85-86

(Colo. 2003). Even in such circumstances, however, "courts have

discretion to conduct *Trinity* hearings to develop facts relating to

immunity issues when such facts are not directly disputed." *Finnie*,

79 P.3d at 1260.

¶ 10 We employ a mixed standard of review to orders on motions to

dismiss for lack of subject matter jurisdiction. *Grant Bros. Ranch,*

*LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 15. We review

the district court's factual findings for clear error but review de novo

the court's legal conclusions, including its statutory interpretation.

*Id.* We review the court's decision whether to conduct a *Trinity*

hearing for abuse of discretion. *See Finnie*, 79 P.3d at 1260.

III. Discussion

A. District Court's Construction of the CGIA

¶ 11 Under section 24-10-106(1)(a) of the CGIA, a public entity's

immunity is waived in an action for injuries resulting from the

"operation of a motor vehicle, owned or leased by such public entity,

by a public employee while in the course of employment, except

emergency vehicles operating within the provisions of section 42-4-

108(2) and (3), C.R.S." In this case, there was no dispute that the squad car was being operated by a public employee, Officer McNabb, while in the course of his employment. Thus, the issue in dispute was whether the vehicle was operating within the provisions of section 42-4-108(2) and (3), so as to come within the exception to the otherwise applicable waiver of immunity.

¶ 12 Section 42-4-108(2)(b) states that the driver of an authorized emergency vehicle, when responding to an emergency call (as McNabb was undisputedly doing here), "may . . . (b) [p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation." Section 42-4-108(3), in turn, provides that section 42-4-108(2)(b) applies, for purposes of the section 24-10-106(1)(a) immunity waiver, "only when such vehicle is making use of audible or visual signals . . . ."

¶ 13 Defendants argue that section 42-4-108(2)(b) addresses the driver's conduct prior to entering the intersection, and that the district court erred by "reading into it a requirement that an officer drive slowly *after* passing a red light and *after* the officer already has the right-of-way in the intersection." The district court rejected defendants' contention that McNabb met the requirements of

section 42-4-108(2)(b), as the court put it, "by virtue of the happenstance that he happened to be stopped at a red light prior to activating his lights." Such an interpretation, the court reasoned, would render superfluous the phrase "as may be necessary for safe operation." We agree with the district court.

¶ 14 It is a basic principle of statutory interpretation that we avoid any construction of a statute that "would render any words or phrases superfluous." *Ryan Ranch Cmty. Ass'n, Inc. v. Kelley*, 2016 CO 65, ¶ 43 (quoting *Doubleday v. People*, 2016 CO 3, ¶ 20). Likewise, we will not adopt an interpretation leading to an illogical or absurd result. *Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004).

¶ 15 In the case of section 42-4-108(2)(b), the phrase "as may be necessary for safe operation" calls for the court to take into account how the officer proceeded through the intersection. If the statute did indeed apply only to the emergency vehicle driver's conduct before entering the intersection, it could convey that meaning by allowing the driver to proceed past a red light "but only after slowing down," with no further qualifiers. Instead, the statute requires the driver to slow down "as may be necessary for safe operation."

8

¶ 16    Ignoring that qualifier reads it out of the statute, rendering the phrase superfluous.  Additionally, interpreting the statute to allow a police officer to proceed through the intersection at any speed as long as he or she had previously slowed down could, depending on the circumstances, lead to an illogical or absurd result.  As the district court observed, "'safe operation' at an empty intersection will necessarily be different than what constitutes 'safe operation' at a traffic-filled intersection."  For example, safe operation could require police officers to refrain from increasing their speed while in the intersection, or to activate their siren as well as their lights, if the officers are unable to determine whether all cross-traffic has stopped.

¶ 17    While we thus agree with the district court's analysis of the requirements of section 42-4-108(2)(b), we agree with defendants that the court erred by citing section 42-4-108(4), which requires drivers of emergency vehicles to drive "with due regard for the safety of all persons," as further justification for finding that immunity had been waived in this case.  In *Fogg v. Macaluso*, 892 P.2d 271, 277 (Colo. 1995), the supreme court held that the duty of care referenced in that section does not apply to the sovereign immunity

9

analysis under section 42-4-108(2) and (3). *See also Quintana v. City of Westminster*, 8 P.3d 527, 530 (Colo. App. 2000) (same). Although plaintiff refers to *Macaluso* as "arguably an outdated case," it remains binding on us and on the district court. Nevertheless, the court's reliance on section 42-4-108(4) for "further justification" for its holding does not call into question the validity of its conclusion regarding the section 42-4-108(2)(b) exception to the immunity waiver, and it thus does not require reversal.

B.     The District Court's Decision Not to Conduct a *Trinity* Hearing

¶ 18     While we agree with the district court's construction of the emergency vehicle exception in the CGIA, we conclude that the court abused its discretion by not ordering a hearing or other procedure under *Trinity* to resolve the central disputed factual issue in the case: namely, whether McNabb had a clear view of the Evans Street cross-traffic when he proceeded through the intersection, or whether his view was impeded by the box truck. *See Medina v. State*, 35 P.3d 443, 460-61 (Colo. 2001) (remanding for hearing because evidence already admitted did not resolve key factual dispute as to whether plaintiffs' injuries were caused by lack of maintenance or were solely attributable to design).

¶ 19    As noted, plaintiff and another witness had stated that a large box truck in the left lane of westbound Evans blocked plaintiff's view of traffic traveling northbound on Federal.  Accepting these statements as true, the district court relied on that circumstance in ruling that McNabb had not proceeded through the intersection in a manner that met the statutory "safe operation" requirement.  ("In this case, 'safe operation' required Officer McNabb to be cognizant of, and account for, the fact that there was a large box truck sitting in the left turn lane on Evans, blocking from his view . . . a portion of the westbound lanes.")

¶ 20    We recognize that, as plaintiff points out, defendants never provided the district court with statements or other evidence disputing the presence of the box truck.  Defendants respond on appeal that, in their pleadings, they repeatedly cited Officer McNabb's statements that he had a clear view of the intersection. We conclude that, given the centrality of this factual issue to the district court's ruling, whether Officer McNabb's view of the motorcycle was in fact obstructed needs to be determined regardless of the adequacy of defendants' efforts to raise a dispute about the issue.  *See Finnie,* 79 P.3d at 1260 (courts have discretion

to hold *Trinity* hearings to develop facts relating to immunity issues, even when such facts are not directly disputed or are not jurisdictional).

¶ 21    In sum, the district court is directed on remand to resolve any factual disputes bearing on the question of sovereign immunity by ordering an evidentiary hearing or such other procedures as may be necessary to determine the issue.  *See Trinity*, 848 P.2d at 927; *see also Finnie*, 79 P.3d at 1260.  Based on the results of such fact finding, the district court shall again enter an order on defendants' motion to dismiss.

IV.    Conclusion

¶ 22    The order is vacated, and the case is remanded for further proceedings in accordance with this opinion.

JUDGE JOHNSON and JUDGE TAUBMAN concur.