24CA0681 Heeren v Arvada 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0681
Jefferson County District Court No. 24CV30123
Honorable Ryan P. Loewer, Judge

Rachel Heeren,

Plaintiff-Appellee,

v.

City of Arvada,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Keating Wagner Polidori Free, P.C., Melissa J. Sullivan, Denver, Colorado; John Astuno Jr., Denver, Colorado, for Plaintiff-Appellee

Rachel A. Morris, City Attorney, Arvada, Colorado, for Defendant-Appellant

¶ 1      Defendant, the City of Arvada (Arvada), appeals the district court's order denying its motion to dismiss plaintiff, Rachel Heeren's, complaint under the Colorado Governmental Immunity Act (CGIA), §§ 24-10-101 to -120, C.R.S. 2024. We reverse and remand with directions.

## I. Background

¶ 2      Heeren alleged in her complaint that she suffered injuries caused by a public restroom's door swinging open and hitting the back side of her body. According to her complaint, the restroom was a "permanent, steel, stand-alone public restroom" that was owned, operated, and maintained by Arvada. Heeren asserted that a kickplate that Arvada had installed on the bottom edge of the restroom's door lacerated her Achilles tendon as someone exited the restroom. As a result, she brought claims for negligence and premises liability against Arvada.

¶ 3      Heeren relied on three of the CGIA's waiver provisions to argue that Arvada had waived its sovereign immunity. She asserted that (1) the kickplate constituted a dangerous condition of a public building, § 24-10-106(1)(c), C.R.S. 2024; (2) the kickplate constituted a dangerous condition of a public sanitation facility,

1

§ 24-10-106(1)(e); and (3) Arvada added the kickplate to the restroom in the course of its operation and maintenance of a public sanitation facility, § 24-10-106(1)(f).

¶ 4    Arvada moved to dismiss under C.R.C.P. 12(b)(1) and 12(b)(5). As relevant to this appeal, Arvada argued under C.R.C.P. 12(b)(1) that it hadn't waived its sovereign immunity, depriving the court of subject matter jurisdiction. Arvada also requested a *Trinity* hearing if the court determined that factual disputes impacted its ability to determine whether Arvada had waived its sovereign immunity. *See Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo. 1993).

¶ 5    Rather than hold a *Trinity* hearing, however, the court accepted Heeren's factual allegations as true and determined, based on those allegations, that Arvada had waived its sovereign immunity. Specifically, the court agreed with Heeren's allegation that the kickplate constituted a dangerous condition of a public building. *See* § 24-10-106(1)(c). The court therefore denied Arvada's motion to dismiss.

¶ 6    Arvada now appeals the court's denial of its motion to dismiss, bringing this interlocutory appeal under section 24-10-108, C.R.S.

2024. Arvada contends that the court erred by (1) taking Heeren's allegations as true when analyzing whether it had waived its sovereign immunity; (2) declining to hold a *Trinity* hearing; (3) determining that it had waived its sovereign immunity under section 24-10-106(1)(c); and (4) electing to not address whether it had waived its sovereign immunity under the remaining two waiver provisions invoked by Heeren, section 24-10-106(1)(e) and (1)(f).

¶ 7　　We agree with Arvada that the court erred by accepting Heeren's allegations as true when ruling on its C.R.C.P. 12(b)(1) motion to dismiss and that the court should have held an evidentiary hearing to resolve the parties' factual disputes related to Arvada's sovereign immunity. Because we reverse and remand based on Arvada's first two contentions, we need not address its third or fourth contentions.

## II.　Discussion

### A.　Standard of Review and Applicable Law

¶ 8　　Under the CGIA, public entities are generally immune from liability for "all claims for injury that lie in tort or could lie in tort." § 24-10-106(1). The General Assembly has waived sovereign immunity, however, for injuries resulting from certain conditions

and operations, including "a dangerous condition of any public building." § 24-10-106(1)(c); *see also* § 24-10-103(1.3), C.R.S. 2024 (defining "dangerous condition").

¶ 9 "Questions of sovereign immunity — including whether it has been waived — implicate a district court's subject matter jurisdiction under C.R.C.P. 12(b)(1)." *Bilderback v. McNabb*, 2020 COA 133, ¶ 6. When a public entity seeks dismissal under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the CGIA, the district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Trinity*, 848 P.2d at 925 (citation omitted). When the alleged jurisdictional facts are in dispute, the district court should conduct a *Trinity* hearing and enter findings of fact resolving those disputes. *Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 85-86 (Colo. 2003). In contrast, when the public entity seeks dismissal under C.R.C.P. 12(b)(5) for failure to state a claim, the plaintiff is afforded the safeguard of having their allegations taken as true. *Trinity*, 848 P.2d at 925. Whether the court applied the correct legal standard is a question of law that we review de novo. *Roane v. Elizabeth Sch. Dist.*, 2024 COA 59, ¶ 15.

¶ 10 "[T]he plaintiff has the burden of establishing that the public entity is not immune and, thus, the trial court has jurisdiction over his or her tort claim." *Henderson v. City & Cnty. of Denver*, 2012 COA 152, ¶ 21.

### B. The Court Erred by Denying Arvada's Motion to Dismiss Without Making Factual Findings

¶ 11 Arvada first contends that the court erred by taking Heeren's factual allegations as true when ruling on its C.R.C.P. 12(b)(1) motion to dismiss, rather than making factual findings based on the parties' evidence.

¶ 12 In its motion to dismiss, Arvada raised several defenses that turned on factual matters. For example, Arvada argued that Heeren's injuries were caused by the restroom door, not the kickplate as alleged by Heeren, and that the door was part of the restroom's design. *See* § 24-10-103(1.3) ("A dangerous condition shall not exist solely because the design of any facility is inadequate."). Arvada also argued that the restroom wasn't a "building" for purposes of the "dangerous condition of any public building" waiver provision, § 24-10-106(1)(c), pointing out that it was "purposefully not enclosed" to minimize crime, had no HVAC or

fire suppression systems, and was constructed from prefabricated modular materials to allow for quick removal during floods. *See Cnty. of Jefferson v. Stickle*, 2024 CO 7, ¶¶ 14-15 (discussing the characteristics of a "building" as used in the CGIA, including that it's designed for "permanent use" and is "fixed") (citations omitted). Arvada similarly disputed whether (1) the kickplate constituted a dangerous condition, either of a public building or a public sanitation facility; (2) the restroom constituted a public sanitation facility; and (3) the kickplate was related to the maintenance or operation of a public sanitation facility.

¶ 13     The court didn't make factual findings to resolve these disputes; instead, it accepted Heeren's factual allegations as true and ruled based on her pleadings alone. In its written dismissal order, for example, the court cited almost exclusively to Heeren's complaint and her response to the motion to dismiss and its attachments for the relevant facts, repeatedly saying that "plaintiff asserts" and "plaintiff claims" such facts to be true. Similarly, when concluding that Heeren had established subject matter jurisdiction, the court said that her "factual assertions, *taken as true,* establish that the [restroom's] kickplate is a dangerous condition."

¶ 14 Given these statements in the court's order, and the disputed jurisdictional facts that Arvada presented in its motion to dismiss, we agree with Arvada that the court applied an incorrect legal standard in denying its motion. By accepting Heeren's factual allegations as true, the court prevented Arvada from contesting the alleged jurisdictional facts that Heeren relied on to argue that Arvada had waived its sovereign immunity. The court, instead, should have made findings of fact resolving those disputed jurisdictional facts and all other issues related to Arvada's sovereign immunity. *See Tidwell*, 83 P.3d at 85-86; *see also Martinez v. Est. of Bleck*, 2016 CO 58, ¶¶ 27-28 (holding the trial court erred by concluding that the plaintiff had "sufficiently pled" facts establishing that a public employee wasn't entitled to sovereign immunity, rather than "determin[ing] whether immunity applies").

¶ 15 We aren't persuaded otherwise by *Padilla v. School District No. 1*, 25 P.3d 1176 (Colo. 2001), a case cited by the court in its dismissal order and relied on by Heeren. In *Padilla*, the trial court accepted all the plaintiff's allegations as true but still ruled *against* the plaintiff when deciding the public entity's C.R.C.P. 12(b)(1) dismissal motion, determining that the plaintiff hadn't alleged

7

sufficient facts showing that the public entity had waived its sovereign immunity, even assuming she could prove her allegations as true. *Padilla*, 25 P.3d at 1179-80. But that isn't what happened here. The court ruled *in favor* of Heeren while also giving her the benefit of accepting all her factual allegations as true. Because Arvada disputed the jurisdictional facts alleged in Heeren's complaint, Heeren bore the burden of proving her version of those facts to the court. *See id.* at 1180 ("[T]he plaintiff has the burden of demonstrating jurisdiction," and when "the alleged jurisdictional facts are in dispute, the trial court should conduct an evidentiary hearing before ruling on the jurisdictional issue."). By applying an incorrect legal standard, the court relieved Heeren of her burden.

¶ 16 Accordingly, we reverse the court's denial of Arvada's motion to dismiss and remand the case for the court to make findings of fact and conclusions of law resolving the factual and legal disputes related to Arvada's sovereign immunity.

### C. Whether a *Trinity* Hearing is Required

¶ 17 Because it will arise on remand, we next address Arvada's related contention that the court erred by not holding a *Trinity* hearing.

8

¶ 18    When the alleged jurisdictional facts are in dispute in a CGIA case, the district court "should conduct an evidentiary hearing and enter findings of fact." *Tidwell*, 83 P.3d at 85-86. When no evidentiary dispute exists, however, the trial court may rule on the jurisdictional question without holding a hearing. *Id.* at 86. Nonetheless, the court holds discretion to conduct a *Trinity* hearing to develop facts relating to immunity issues even when such facts aren't directly disputed. *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1260 (Colo. 2003). We review the court's decision declining to hold a *Trinity* hearing for an abuse of discretion. *Bilderback*, ¶ 10.

¶ 19    As discussed above, Arvada's motion to dismiss disputed many of the factual allegations that Heeren leaned on to argue that Arvada had waived its sovereign immunity. At least some of these disputes are central to the question of Arvada's immunity — for example, whether the restroom's kickplate or door caused Heeren's injuries and, if the door, whether it's part of the restroom's design. As the case is currently postured, we fail to see how the court could resolve such disputes without hearing evidence and making credibility determinations at an evidentiary hearing. *See id.* at ¶ 20

(concluding an evidentiary hearing or similar procedure was necessary on remand, given the "centrality of th[e] factual issue" involving the police officer's line of sight).

¶ 20     Accordingly, the court is directed on remand to resolve any factual disputes bearing on Arvada's sovereign immunity by ordering an evidentiary hearing or "such other procedures" as may be necessary to determine those issues. *Id.* at ¶ 21.

### III.   Disposition

¶ 21     We reverse the court's order denying Arvada's motion to dismiss and remand the case for further proceedings consistent with this opinion.

JUDGE FREYRE and JUDGE SCHOCK concur.