25CA0317 Williamson v Owens 03-19-2026

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 25CA0317
Prowers County District Court No. 24CV30011
Honorable Tarryn L. Johnson, Judge

_____

Donald Williamson,

Plaintiff-Appellee,

v.

John Owens, Jr., and the Board of County Commissioners of the County of Prowers, Colorado,

Defendants-Appellants.

_____

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

_____

Irwin Fraley, PLLC, Ken Falkenstein, Centennial, Colorado, for Plaintiff-Appellee

Dagner | Schluter | Werber LLC, Leslie L. Schluter, Greenwood Village, Colorado, for Defendants-Appellants

¶ 1     In this interlocutory appeal, defendants, John Owens, Jr., and the Prowers County Board of County Commissioners (the Board), appeal the district court's order denying their motion to dismiss the complaint filed by plaintiff, Donald Williamson, under the Colorado Governmental Immunity Act (CGIA).  We reverse and remand with directions.

## I.     Background

¶ 2     Owens, a volunteer firefighter, drove a firetruck through a red light while responding to an emergency.  Williamson, driving a red Mustang, collided with the back of the firetruck.  Williamson brought claims for negligence and negligence per se against Owens and for vicarious liability against the Board.

¶ 3     The CGIA normally gives government volunteers like Owens and government bodies like the Board immunity from tort liability.  § 24-10-106(1), C.R.S. 2025.  But through a series of immunity waivers, exceptions, and conditions, that immunity disappears if Owens drove through the red light without "slowing down as may be necessary for safe operation."  § 42-4-108(2)(b), C.R.S. 2025; *see Smith v. City & County of Denver*, 2025 COA 70, ¶ 33.

¶ 4     Williamson argues that Owens did not slow down as necessary for safe operation, and therefore he and the Board waived immunity under the CGIA. Owens and the Board deny that claim. They requested a *Trinity* hearing for the district court to resolve disputed facts related to immunity and, in their prehearing brief, sought dismissal under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

¶ 5     The district court held a *Trinity* hearing and determined that Williamson met his burden to establish that Owens and the Board had waived immunity.

¶ 6     Owens and the Board appeal, arguing the court applied an incorrect legal standard, misconstrued section 42-4-108(2)(b), and erred by refusing to consider evidence bearing on the parties' dispute of jurisdictional fact. We agree that the court applied the wrong legal standard and failed to consider relevant evidence. Accordingly, we reverse and remand for a new *Trinity* hearing.

II.     Immunity and Waiver Under the CGIA

¶ 7     Governmental immunity is waived if, in the course of employment, a public employee injures another person while operating a motor vehicle owned or leased by the public entity.

§ 24-10-106(1)(a).  But that waived immunity is reinstated if the motor vehicle is an emergency vehicle, such as a firetruck, that is operated in compliance with section 42-4-108(2) and (3).  § 24-10-106(1)(a); *Smith*, ¶ 33.

¶ 8    As relevant to this appeal, section 42-4-108(2)(b) provides that, when responding to an emergency call or a fire alarm, a firetruck driver may "[p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation."  If an emergency vehicle driver complies with this requirement and employs visual or audible signals as required by section 42-4-108(3) while responding to an emergency, CGIA immunity is restored and bars any tort action for injuries arising out of the driver's conduct.  *Smith*, ¶ 33.

### III.    Standard of Review

¶ 9    Questions of governmental immunity — including whether it has been waived — implicate a district court's subject matter jurisdiction under C.R.C.P. 12(b)(1).  *Bilderback v. McNabb*, 2020 COA 133, ¶ 6.  When a public entity seeks dismissal under C.R.C.P. 12(b)(1), the district court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Trinity*

*Broad. of Denv., Inc. v. City of Westminster*, 848 P.2d 916, 925 (Colo. 1993) (citation omitted). The plaintiff has the burden of proving that the court has jurisdiction. *Smith*, ¶ 34. This burden is "relatively lenient," affording the plaintiff the reasonable inferences from his undisputed evidence. *City & County of Denver v. Dennis*, 2018 CO 37, ¶ 11.

¶ 10 When the jurisdictional facts are in dispute, the district court should conduct a *Trinity* hearing and enter findings of fact resolving those disputes. *Tidwell v. City & County of Denver*, 83 P.3d 75, 85-86 (Colo. 2003); *see Dennis*, ¶ 9. "[B]ecause *Trinity* hearings are limited in nature, and because tort concepts are naturally subjective, the district court should not fully resolve the issue of whether the government has committed negligence; rather, the court should only satisfy itself that it has the ability to hear the case." *Dennis*, ¶ 11 (emphasis omitted).

¶ 11 The application of immunity under the CGIA presents a mixed question of fact and law. *Smith*, ¶ 35. We defer to the court's factual findings and its resolution of factual disputes unless they are clearly erroneous, finding no support in the record. *Id.* We review de novo the court's determination of questions of law,

including whether the court applied the correct legal standard or correctly interpreted a statute. *Id.* To promote the interest of compensating victims of governmental negligence, we strictly construe the CGIA's immunity provisions, as well as its exceptions to waivers of immunity. *Id.* at ¶ 36.

## IV. Discussion

¶ 12 Owens and the Board argue that the district court (1) applied an incorrect legal standard that limited its role in determining immunity; (2) misconstrued section 42-4-108(2)(b); and (3) made multiple evidentiary errors. We agree that the court applied an incorrect legal standard and erred by excluding certain evidence bearing on the issue of immunity. Because we reverse on these bases, we do not reach the statutory interpretation issue.

### A. Legal Standard

¶ 13 In his *Trinity* brief and at the hearing, Williamson argued that he was only required to make a "prima facie case" — that is, present "any evidence" — that Owens and the Board waived immunity under the CGIA. At the hearing, he argued that he met this burden because a jury could reasonably conclude from the evidence he presented that Owens violated section 42-4-108(2)(b). He objected

5

to the defense presenting any evidence in response because any evidence the defense would have offered would have gone to the question of liability and was properly reserved for the jury.

¶ 14    At the start of the hearing, the court stated that it tended to agree with Williamson's articulation of his burden. While the court acknowledged that it could determine compliance with section 42-4-108(2)(b) as a matter of law, it stated its concern that doing so would require dismissal for lack of subject matter jurisdiction and would usurp the jury's "determination of the factual issue." At the conclusion of the hearing, the court again stated its agreement that Williamson "only has to demonstrate that [section] 42-4-108(2)(b) was not necessarily complied with in order to find a waiver of immunity under the CGIA." It found that Williamson met this burden for the "main reason" that Owens did "not slow down much" despite there being ten cars near the intersection, coupled with evidence that a van may have obstructed his view of the Mustang.

¶ 15    We conclude the court applied an incorrect standard. Recall that the purpose of a *Trinity* hearing is for the court to resolve factual disputes related to the issue of immunity. In this case, whether immunity was waived turned on whether Owens complied

with section 42-4-108(2)(b). As discussed further below, the parties disputed several facts relevant to that issue, including whether Owens' sirens were on and whether his view was obstructed. The court's job at the *Trinity* hearing was to resolve those factual questions before satisfying itself that Owens complied with section 42-4-108(2)(b) — not "necessarily," but in fact. *See Trinity*, 848 P.2d at 925 (the standard governing a motion to dismiss for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) "differs greatly" from that applied to a summary judgment motion or a motion to dismiss for failure to state a claim, where the plaintiff is afforded the safeguard of having their allegations taken as true).

¶ 16    We recognize that Owens' and the Board's liability for negligence per se also turned on whether Owens complied with the statute, and the court was concerned about usurping the jury's function. Nevertheless, the court was required to determine whether Owens complied with section 42-4-108(2)(b) to establish its subject matter jurisdiction. *See Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1258 (Colo. 2003) (trial courts must "definitively resolve all disputed issues of immunity, including those deemed non-jurisdictional"); *see also Walton v. State*, 968 P.2d 636, 643

7

(Colo. 1998) ("Any factual dispute regarding the court's jurisdiction is for determination by the trial court, not the jury."). By failing to make this determination, the court relieved Williamson of his burden to prove his version of the disputed facts.

## B. Evidentiary Errors

¶ 17 We further conclude that the court compounded its legal error by failing to consider certain evidence bearing on the parties' dispute of jurisdictional fact.

¶ 18 To be sure, the district court did not err in every evidentiary ruling it made at the *Trinity* hearing. For example, we disagree with Owens and the Board that the court erred by considering Owens' deposition statement that a green van was present at the intersection and "maybe" obstructed his view of the Mustang. The court acknowledged that Owens qualified his statement and seemed unsure, noting that whether his view was obstructed was "at least a possibility." It was the district court's role as the fact finder to consider this and other conflicting evidence and to decide what weight to give each piece of evidence. *See Smith*, ¶ 50; *see also Bilderback*, ¶ 20 (requiring the court to consider and resolve whether an emergency vehicle driver's view was impeded, even

though the defendants did not present evidence on that issue). Likewise, we conclude the court properly declined to consider evidence that it would have been impossible for Owens to avoid the accident and that Williamson was looking down as he drove into the intersection. This evidence went to the issue of Owens' liability and Williamson's contributory negligence, not jurisdiction. Accordingly, the court properly excluded it.

¶ 19 Nevertheless, we conclude the court improperly refused to consider other evidence bearing on its determination of immunity. Section 42-4-108(2)(b)'s requirement that a firetruck driver slow down as may be necessary for safe operation requires a consideration of all the surrounding circumstances. *See Smith*, ¶ 43. This includes evidence that Owens' sirens and air horn were dramatically audible (exceeding 100 decibels) well before he approached the intersection and that Williamson entered the intersection at a slow speed. Although the parties do not dispute that Owens had his lights on for purposes of section 42-4-108(3), whether he also had his sirens on may play into the totality of the circumstances related to whether he complied with section 42-4-108(2)(b).

¶ 20    We recognize that the court allowed Owens and the county fire chief to testify regarding Owens' driving and applicable standards for driving a firetruck, including the fact that Owens' sirens were on.  But Williamson did not stipulate as much, so the fact was still in dispute, and the court never made a factual finding that the sirens were on.  By excluding relevant evidence, the court failed to fulfill its duty to resolve the parties' factual disputes and to base its legal conclusion on a well-developed record.  *See Finnie*, 79 P.3d at 1258, 1261 (courts must resolve factual disputes related to immunity and develop the record before determining whether the case can proceed).

¶ 21    For the same reason, we conclude the court erred by declining to consider photographs of the collision scene.  The court rejected this evidence because it was irrelevant to Owens' conduct before the collision.  Relying on *Bilderback* and *Corsentino v. Cordova*, 4 P.3d 1082, 1086 (Colo. 2000), it altogether declined to consider the fact that an accident had occurred.  But far from precluding such a consideration, *Bilderback* held that, "[i]n the case of section 42-4-108(2)(b), the phrase 'as may be necessary for safe operation' *calls for the court to take into account* how the [emergency driver]

proceeded through the intersection." *Bilderback*, ¶ 15 (emphasis added) (the statute does not apply only to the driver's conduct before entering the intersection).

¶ 22　　*Corsentino* applied a different statute in a different context. There, the court concluded that the fact of an accident or damage should not be considered in determining whether an emergency vehicle driver endangered life or property under section 42-4-108(2)(c). *See* 4 P.3d at 1093 (such a consideration may "lead to a de facto abrogation of the immunity" because drivers only need immunity when they cause an accident or damage). We agree with Owens and the Board that the same considerations are not at play under section 42-4-108(2)(b). As defense counsel argued, photographs of the accident scene showed how the collision occurred, including the relative speeds of the vehicles involved. They were therefore relevant to whether Owens sufficiently slowed down in compliance with section 42-4-108(2)(b).

¶ 23　　Owens and the Board also argue the court should have allowed their accident reconstruction engineer to testify that the Mustang was only within the van's profile for a thirtieth of a second. Williamson argues the court properly excluded this evidence

11

because it was not included in the engineer's report. Because we cannot be sure how this issue will arise on remand, we decline to address it. We reiterate, however, that the court must allow the parties to develop the record related to the issue of immunity and should consider all admissible evidence that is relevant to that inquiry. *See L.J. v. Carricato*, 2018 COA 3, ¶ 34 (the court is required to resolve "all issues of immunity, including facts not directly disputed by the parties" (citation omitted)).

¶ 24    Finally, we recognize that the district court determined it had subject matter jurisdiction based on Williamson's stipulation that Owens slowed from thirty miles per hour to twenty-nine miles per hour when entering the intersection, video evidence showing there were ten cars near the intersection when Owens approached, and Owens' statement about the van. But because the court based its conclusion on an incorrect legal standard and an underdeveloped record, we conclude reversal is required.

¶ 25 For these reasons, we reverse the court's denial of Owens' and the Board's motion to dismiss.[1]  We remand the case for the court to make further findings of fact and conclusions of law resolving the factual and legal disputes related to their governmental immunity. In making these findings and conclusions, the court should conduct a new *Trinity* hearing to allow the parties "to properly explore and develop the facts necessary to determine whether" immunity was waived.  *Finnie*, 79 P.3d at 1261-62.

## V.    Disposition

¶ 26 The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE JOHNSON and JUDGE GOMEZ concur.

---

[1] Because we reverse on this basis, we do not address Owens' and the Board's remaining contention that the court's interpretation of section 42-4-108(2)(b), C.R.S. 2025, violated the principles of statutory enactment articulated in section 2-4-201, C.R.S. 2025.